J-S33037-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE CLASSEN | : | |
| | : | |
| Appellant | : | No. 2153 EDA 2020 |

Appeal from the Judgment of Sentence Entered October 5, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000361-2015

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED JANUARY 18, 2022**

Jose Classen appeals from the judgment of sentence following the revocation of his probation. His counsel has filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and a petition to withdraw as counsel. We affirm and grant counsel's petition to withdraw.

On February 26, 2016, Classen entered a non-negotiated guilty plea to Possession of a Firearm Prohibited.[1] **See** Trial Ct. Op., filed 2/19/21, at 1. On June 16, 2016, the court sentenced Classen to 11½ to 23 months' incarceration, followed by three (3) years of probation. **Id.** Classen was paroled to house arrest, which he completed in February 2017. **Id.**

While on probation, Classen was arrested and charged with offenses related to the straw purchase of a firearm. A jury convicted him of conspiracy

_____

[1] 18 Pa.C.S.A. § 6105(a)(1).

for making false statements on federal firearm forms to purchase firearms.[2] *Id.* at 2. The court sentenced Classen to three and a half to seven years of incarceration.[3] *Id.*

On October 5, 2020, the court held a violation of probation ("VOP") hearing. The Commonwealth and Classen's counsel agreed that Classen's conviction constituted a direct violation of his probation. N.T., 10/5/20, at 26-27. The court imposed a new sentence of four to eight years in prison, with credit for time served. *Id.*

On October 15, 2020, Classen timely filed a post-sentence motion requesting a modification or reconsideration of his sentence. The motion noted mitigating factors, including that Classen has run his own business and worked his entire life; supports his children and his wife; and was diagnosed with bipolar disorder and post traumatic stress disorder. *See* Post-Sentence Mot. To Modify or Reconsider Sentence, 10/15/20, at 2-3. Classen argued that the court did not consider these mitigating factors and imposed an excessive sentence equal to the statutory maximum permissible. *Id.* at

On November 4, 2020, Classen timely filed a direct appeal.[4] On November 10, 2020, the court denied Classen's motion for reconsideration.

---

[2] 18 Pa.C.S.A. §§ 903; 6111(g)(4).

[3] Classen's direct appeal from his judgment of sentence is docketed at 1829 EDA 2020.

[4] *See* Pa.R.Crim.P. 708(E) ("A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period.")

Classen's counsel filed a motion for leave to withdraw, which was granted. New counsel was appointed for purposes of the instant appeal.

In response to the court's Pa.R.A.P. 1925(b) order, counsel filed a notice of intent to file an *Anders/McClendon* brief pursuant to Pa.R.A.P. 1925(c)(4). The court agreed that there were no non-frivolous issues of arguable merit that had been properly preserved. Trial Ct. Op. at 3.

Counsel's *Anders* brief identifies one issue, which we set forth verbatim:

> Did the lower court abuse its discretion when it denied defendant/appellant's motion to reconsider and reduce the sentence imposed in this matter?

*Anders* Br. at 6.

Before we assess the substance of the *Anders* brief, we must first determine whether counsel's request to withdraw meets certain procedural requirements. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). An *Anders* brief that accompanies a request to withdraw must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

- 3 -

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Counsel must also provide a copy of the *Anders* brief to the client, and a letter that advises the client of the right to "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa.Super. 2014). If counsel has satisfied these requirements, we then conduct "a full examination" of the record "to decide whether the case is wholly frivolous." *Commonwealth v. Dempster*, 187 A.3d 266, 271 (Pa.Super. 2018) (*en banc*) (quoting *Anders*, 386 U.S. at 744).

Here, in the *Anders* brief, counsel provides a procedural and factual history of the case, with citations to the record, discusses the issues arguably supporting the appeal, and explains why counsel concludes those issues are frivolous. *Anders* Br. at 5-35. Counsel served a copy of the Anders brief upon Classen, *Anders* Br. at Cert. of Service, and his letter to Classen advised him that he may raise any additional issues before this Court *pro se* or with private counsel. Petition to Withdraw as Counsel, filed May 24, 2021. The *Anders* brief satisfies the necessary requirements.

Classen has not filed any response to the *Anders* brief, either pro se or through private counsel. We will therefore address the issue counsel has identified.

The sole issue the **Anders** brief identifies is a challenge the VOP sentence as excessive, where the court did not consider mitigating factors. This is a challenge to the discretionary aspects of sentence.

There is no absolute right to appellate review of the discretionary aspects of a sentence. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*). Rather, we engage in a four-part analysis before addressing such a challenge. We must determine whether: (1) appellant has filed a timely notice of appeal; (2) properly preserved the issue at sentencing or in a motion; (3) appellant's brief includes a Pa.R.A.P. 2119(f) statement; and (4) there is a substantial question that the sentence is not appropriate under the Sentencing Code. **See** 42 Pa.C.S.A. § 9781(b); **Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa.Super. 2013).

Here, these requirements are met. Classen's appeal was timely, and he preserved the issue in a motion. The **Anders** brief includes a Pa.R.A.P. 2119(f) statement in his brief, and the issue presents a substantial question. **See Commonwealth v. Caldwell**, 117 A.3d 763, 769-70 (Pa.Super. 2015) (*en banc*) (concluding that an excessive-sentence claim, in conjunction with an assertion that the court failed to consider mitigating factors, raises a substantial question).

Pursuant to Pennsylvania statute 42 Pa.C.S.A. § 9771(b), upon revocation of probation "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing." Further, a VOP court may impose a sentence of total confinement if it finds that "(1) the

defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S.A. § 9771(c). Moreover, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Commonwealth v. Schutzues***, 54 A.3d 86, 99 (Pa.Super. 2012).

During sentencing, the court noted that it had reviewed Classen's prior record, pre-sentencing report, the appropriate sentencing code and the purpose behind direct violation hearings.[5] N.T., 10/5/20, at 26-27. The court particularly noted Classen's history of arrests for threatening individuals with firearms in 2013, 2014, and 2016, and that with regard to his most recent arrest, he had sought out an "individual who had certain limitations" to accomplish his purpose. N.T., 10/5/20, at 26-27. Thus, the court determined that the original sentence, on the low end of the guidelines, was no longer sufficient to protect the public from Classen. ***Id.*** at 24-25. Thus, the court imposed the four-to-eight-year revocation sentence. ***Id.*** at 26. To the extent that mitigating factors were present, the court considered them, and provided

---

[5] Some of this information was not explicitly referenced at the sentencing hearing but was contained within the pre-sentence investigation report and ***Gagnon*** hearing summaries.

a specific reason – the protection of the public – for the increased revocation sentence. **Schutzues**, 54 A.3d at 99. This issue is frivolous.

Our independent review of the record has not uncovered any non-frivolous issues for appeal.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/18/2022